UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK TURNER,

     Plaintiff,

v.                                   Case No: 8:22-cv-2548-CEH-JSS

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

     Defendant.
_____/

## ORDER

     Defendant moves for an order requiring Plaintiff to submit to a physical examination pursuant to Federal Rule of Civil Procedure 35 and for an extension of the court-ordered deadlines for disclosure of its expert reports and discovery. (Motion, Dkt. 19.)  At the court's direction, Defendant supplemented the Motion to include the agreed-upon conditions of the examination. (Dkt. 21.)  Plaintiff consents to the physical examination and has no objection to the extension of deadlines provided that the mediation conference currently scheduled for August 2, 2023 is not continued. (*Id.*)  Upon consideration, the Motion is granted.

### Rule 35 Examination

     In this action for uninsured motorist benefits, Plaintiff seeks to recover for "permanent bodily injuries" he allegedly sustained in a motor vehicle accident caused by a negligent driver on March 4, 2021.  (Dkt. 1-1.)  Plaintiff further asserted injuries

to his spine and lower back in response to interrogatories and during his deposition testimony. (Dkt. 19 at 3.) In the Motion, Defendant seeks to have Plaintiff submit to a physical examination performed by neurosurgeon Dr. Larry Fishman on August 16, 2023 at 9:00 a.m. at 3030 N. Rocky Point Drive West, Suite 150, Tampa, Florida, 33607. (*Id.* at 2.)

Under Rule 35, a court may, on a motion for good cause shown, order a party to submit to a physical or mental examination by a suitably licensed or certified examiner when the party's medical condition is "in controversy." Fed. R. Civ. P. 35(a). The "good cause" and "in controversy" requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). A court's order directing a party to submit to an examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Upon consideration, the court finds that Plaintiff's physical condition is in controversy and good cause exists for the requested physical examination. *Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.") (internal citation omitted); *see also Huitt v. State*

*Farm Mut. Auto. Ins. Co.*, No. 3:12-cv-88-J-20JRK, 2012 WL 12905315, at *1 (M.D. Fla. June 7, 2012) ("Plaintiff has placed his medical condition at issue by pleading that he has suffered permanent bodily injuries."); *Sikora v. Progressive Express Ins. Co.*, No. 6:20-cv-519-Orl-28GJK, 2021 WL 8155952, at *1 (M.D. Fla. Jan. 7, 2021) (plaintiff placed his physical condition at issue where "answers to interrogatories detail injuries and permanent damage to his neck and low back").  Plaintiff further does not object to the requested examination and the parties have agreed on the examination's scope and conditions.  (Dkt. 19 at 1–2); *see, e.g.*, *Woods v. Progressive Select Ins. Co.*, No. 6:20-cv-258-CEM-LRH, 2021 WL 3709084, at *2 (M.D. Fla. Apr. 9, 2021) (granting unopposed motion for Rule 35 examination in action for uninsured motorist benefits).

In accordance with the agreed-upon conditions of the examination, Plaintiff is directed to submit to an examination by neurosurgeon Dr. Larry Fishman, M.D., P.A., on August 16, 2023 at 9:00 a.m. at 3030 N. Rocky Point Drive West, Suite 150, Tampa, Florida 33607.  (Dkt. 19 at 2; Dkt. 21-1.)  Dr. Fishman will conduct a "neurosurgical examination of Plaintiff's neck, back, head and hips, including, if necessary, submitting to non-invasive diagnostic tests and physical examination determined to be necessary by the physician to make a report on the nature and extent of Plaintiff's alleged injuries."  (Dkt. 21-1.)  Dr. Fishman will "examine, assess, and opine as to Plaintiff[']s alleged injuries to the spine including the nature and extent of injury, medical causation, current condition, permanency of injury, restrictions and/or limitations, and past and future medical expenses which are reasonable, necessary and related to the subject accident."  (Dkt. 19 at 2.)  Plaintiff shall be permitted to have a

videographer attend the examination and the examination "may include a written physical and history." (Dkts. 21, 21-1.)

### Extension of Court-Ordered Deadlines

Defendant also moves to extend the court-ordered deadlines for its expert report disclosures and discovery to accommodate the requested physical examination. (Dkt. 19.) Courts enjoy broad discretion in deciding how to best manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1991). In exercising this discretion, a court may extend the time concerning when an act must be done within a specific time if the request is made before the original time, or its extension expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may also be modified or extended upon a showing of good cause with the consent of the court. Fed. R. Civ. p. 16(b)(4). Here, Defendant's Motion was timely filed, and the court finds good cause to extend the deadlines as requested. The following deadlines are therefore amended as follows:

**Defendant's Disclosure of Expert Reports:** August 30, 2023
**Discovery Deadline:** October 1, 2023

All other deadlines in the court's Case Management and Scheduling Order (Dkt. 14) remain unchanged.

Accordingly:

1. Defendant's Motion for Rule 35 Physical Examination of Plaintiff and Motion for Extension of Expert Report Disclosure and Discovery Deadlines (Dkt. 19) is **GRANTED**.

2. Plaintiff is ordered to submit to the requested physical examination as discussed in this order, the Motion (Dkt. 19), and the Notice of Rule 35 Physical Examination (Dkt. 21-1).

3. The deadlines for Defendant's disclosure of expert reports and discovery are amended as requested by Defendant.

**ORDERED** in Tampa, Florida, on June 21, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record